**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JEREMY D. MARTIN # L0344**                                                              **PETITIONER**

**VS.**                                                                                    **NO.:1:08-cv-00410-HSO-JMR**

**THE STATE OF MISSISSIPPI**
**and DALE CASKEY, Warden**                                                               **RESPONDENTS**
_____

**REPORT & RECOMMENDATION**

This matter is before the Court on the Respondents' Motion [8-1] to Dismiss Pursuant to § 2244(d), which was filed on September 24, 2008.  To date, Petitioner Jeremy Martin has failed to respond to Respondents' Motion. Having considered the Motion, along with the entire record and the applicable law, this Court finds that Respondents' Motion is well-taken and should be granted. Accordingly, Martin's petition in the above-captioned action should be dismissed.

**STATEMENT OF THE CASE**

The Petitioner, Jeremy D. Martin, was convicted of capital murder on February 27, 2002, in Jackson County, Mississippi.  On the same day, Martin was sentenced to serve life in the custody of the Mississippi Department of Corrections.  *See* Exhibit "A" attached to Motion [8-2]. Martin filed an appeal with the Mississippi Supreme Court, and his conviction and sentence were affirmed by written opinion on July 17, 2003.  *Martin v. State*, 854 So.2d 1004 (Miss. 2003), *reh'g denied* Oct. 2, 2003 (Cause No. 2002-KA-00607-SCT); *see* Exhibit "B" attached to Motion [8-2].  The record indicates that Martin did not file a petition for writ of certiorari to the United States Supreme Court.  On February 25, 2005, Martin filed an application to proceed in trial court with a Motion for

Post Conviction Relief (PCR) with the Mississippi Supreme Court.[1]  *See* Exhibit "C" attached to Motion [8-2]. The Court denied Martin's Motion for PCR on March 22, 2005.  *See* Exhibit "D" attached to Motion [8-2]. On August 11, 2008, Martin signed and mailed his present Petition for Writ of *Habeas Corpus*.

## **ANALYSIS**

The Respondents argue that Martin's *habeas* petition is untimely filed in violation of the one-year statute of limitations provision of the AEDPA. The AEDPA provides that, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a petitioner's federal *habeas* petition must be filed within one year of the date that the petitioner's judgment of conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations is subject to tolling for the period when a properly filed motion for post conviction relief is pending in state court.  28 U.S.C. § 2244(d)(2); *see, e.g. Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998).

Martin did not seek a writ of certiorari to the United States Supreme Court.  As such, Martin's conviction became final on December 31, 2003 - ninety (90) days after his direct appeal in state court ended.[2]  *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (stating that "a state prisoner's conviction becomes final for purposes of §2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired). Therefore, in accordance with the AEDPA's one year statute of limitations, Martin's *habeas* petition was due by December 31, 2004.  Thus, unless Martin complied with the one year statute of limitations period required by 28 U.S.C. § 2244(d)(1)(A), any state court motion for Post-Conviction Relief must have

---

[1] Martin's PCR indicates that it was signed on February 22, 2005.  *See* Exhibit "C" attached to Motion [8-2].

[2] This date is calculated as ninety (90) days from October 2, 2003 - the date the Mississippi Supreme Court denied a rehearing on Martin's direct appeal.

been filed before December 31, 2004, in order to toll the limitation period. *See Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

A review of the record indicates that Martin signed his state court motion for Post-Conviction Relief on February 22, 2005, and that it was received and stamped as "filed" in the Mississippi Supreme Court on February 25, 2005 - some 54 days after the December 31, 2004, deadline for filing his federal *habeas* petition. The Mississippi Supreme Court denied Martin's motion by Order on March 25, 2005. Accordingly, Martin's PCR motion was untimely filed and failed to trigger the tolling provision of 28 U.S.C. § 2244(d)(2).

Under the "mailbox rule" a petitioner's *pro se* federal *habeas* petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, the earliest Martin "filed" his petition was on August 11, 2008, the date it was signed. This date is 1,320 days past the December 31, 2004 deadline for filing his federal *habeas* petition. Martin's failure to file his petition within the statutory deadline warrants dismissal of his petition.

Additionally, Martin fails to cite any rare or exceptional circumstances which would allow him to benefit from equitable tolling. Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Martin argues that his noncompliance with the AEDPA's provisions should be excused because his appellate counsel failed to notify him of the one-year limitations period for filing a *habeas* petition. *See* Response [6-1]. Although "[a] criminal defendant has a right to effective assistance of counsel

on a first appeal as of right . . . [a] violation of that right does not toll the AEDPA's statute of limitations." *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000). Ineffective assistance of counsel is irrelevant to tolling under the AEDPA, because a prisoner has no right to counsel during post-conviction proceedings. *See U.S. v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) (citing *U.S. v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)). Therefore, Martin's Petition is time-barred by § 2244(d) and should be dismissed with prejudice.

## **CONCLUSION**

Martin's conviction became final on December 31, 2003. Thereafter, Martin had one year or until December 31, 2004, to file a federal petition for a writ of *habeas corpus*. At the earliest, Martin filed his federal habeas petition on August 11, 2008, some 1320 days past the December 31, 2004 deadline. Additionally, this Court finds that Martin is entitled to neither statutory nor equitable tolling. It is the recommendation of this Court that Martin's Petition for Writ of *Habeas Corpus* should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d).

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   24th   day of October, 2008.


                                                s/ John M. Roper, Sr.

                                       CHIEF UNITED STATES MAGISTRATE JUDGE